UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
LARS ST. JOHN, : CASE NO. 1:17-CV-0736
:
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
U.S. DEPARTMENT OF JUSTICE, *et al.*, :
:
        Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Lars St. John filed this action against the United States Justice Department, Northern District of Ohio Marshal Peter Elliott, and the United States Marshals. He alleges he was denied access to the Carl B. Stokes United States Courthouse because he refused to submit to a search and remove his hooded jacket. He claims the Defendants discriminated against him on the basis of race and gender in violation of Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and Ohio Revised Code § 4112-5(1). Plaintiff seeks monetary damages in the amount of $10,000,000.00.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

**I. Background**

Plaintiff contends he attempted to enter the Carl B. Stokes Federal Courthouse on April 7, 2016. He indicates he walked through the metal detector and did not hear an alarm. The court security officer refused him entry into the building and instead asked him to go back

through the metal detector after removing his hooded jacket. Plaintiff refused and left the building. He contends a Caucasian man walked through the metal detector causing the alarm to sound. That man was permitted to continue into the court because he was an employee.

Plaintiff saw Elliott as he was leaving the courthouse and explained what had just transpired. The Marshal spoke with the court security officers and then told Plaintiff he would have to comply with the officers' instructions.

Plaintiff returned to the courthouse the following day with a different hooded jacket. He was again denied entry unless he removed the jacket. Plaintiff alleges the Defendants discriminated against him entitling him to monetary damages under Title VII, 42 U.S.C. § 2000e, 42 U.S.C. § 1981.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

[2] *Neitzke*, 490 U.S. at 327.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."*[4]* A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

### III. Analysis

As an initial matter, the United States, as a sovereign, is immune from suit unless it explicitly waives its immunity.[7] The protection of sovereign immunity extends to federal officers acting in their official capacities and the bar of sovereign immunity cannot be avoided by merely suing officers and employees of the United States.[8] Because sovereign immunity raises a jurisdictional bar to suit, absent an explicit waiver of sovereign immunity, suits against the government or its officials must be dismissed.[9]

Plaintiff cites two statutes as the basis for relief against the Defendants. The first of these statutes is Title VII, 42 U.S.C. § 2000e, which governs discrimination in employment.

---

[4] *Iqbal*, 556 U.S. at 678.

[5] *Id.*

[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

[7] *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Munaco v. United States*, 522 F.3d 651, 652-53 (6th Cir. 2008); *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002).

[8] *Martin v. Colvin*, No. 3:14 0209, 2014 WL 5607028, at *5-8 (M.D. Tenn. Nov. 4, 2014)(citing *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985)).

[9] *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000).

Plaintiff was not employed by the federal government so that statute is not applicable here.  The other statute is 42 U.S.C. § 1981.  Congress did not waive the sovereign immunity of the United States for § 1981 claims.[10]

It is possible Plaintiff is attempting to bring a *Bivens*[11] claim against the Defendants for denial of equal protection.[12]  He, however, still fails to state a claim upon which relief may be granted.  First, a *Bivens* claim can only be brought against individual government defendants in their individual capacities.  It cannot be brought against the United States government or its agencies.[13]  Plaintiff cannot bring a *Bivens* claim against the Department of Justice or the United States Marshals.

While Plaintiff may be able to bring a *Bivens* claim against Elliott, he must allege that Elliott acted with the intent to deprive him of equal protection.*[14]*  The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any

---

[10] *Selden v. United States Department of Housing and Urban Development*, 785 F.2d 152 (6th Cir.1986)(§§ 1981 and 1982 did not constitute a waiver of the sovereign immunity of the United States); *Omeli v. National Council of Senior Citizens*, 2001 WL 700849 (6th Cir. 2001)(Congress did not waive the sovereign immunity of the United States by enacting §§ 1981 and 1985).

[11] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[12] *Davis v. Passman*, 442 U.S. 228, 234-36 (1979)(recognizing an equal protection claim under *Bivens*).

[13] *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001).  *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

[14] *See Connor v. Helo*, No. 85-5215, 1987 U.S.App. LEXIS 13020, at *7, 1987 WL 44930 (6th Cir. Oct. 2, 1987)

rational basis for the difference.[15] The first thing Plaintiff must allege to state an equal protection claim is disparate treatment.[16] In this case, Plaintiff does not allege facts suggesting he was treated differently than any other member of the general public entering the building. He contends was treated differently than a court employee, but Plaintiff is not similarly situated to a court employee. He has not stated a claim for discrimination.

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[17]

IT IS SO ORDERED.

Dated: July 31, 2017  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[15] *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005).

[16] *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

[17] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.